UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. CHAPMAN,

        Petitioner,                       Case Number: 2:09-CV-15039

v.                                           HON. STEPHEN J. MURPHY, III

MICHAEL BOUCHARD,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR
EMERGENCY PERMANENT INJUNCTION** (docket no. 5) **AND
APPLICATION FOR APPOINTMENT OF COUNSEL** (docket no. 6)

Petitioner Steven A. Chapman has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court are Chapman's Motion for Emergency Permanent Injunction and Application for Appointment of Counsel.

For a permanent injunction to issue, a party must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004). The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n. 12 (1987).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006).

In this case, Chapman has not shown actual success on the merits of his petition as the petition is still under consideration by the Court. Additionally, the motion is conclusory and fails to satisfy any of the above-enumerated factors for issuance of a permanent injunction. Therefore, the Court will deny the motion.

Also before the Court is Chapman's Application for Appointment of Counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Emergency Permanent Injunction (docket no. 5) and Application for Appointment of Counsel (docket no. 6) are **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III  
Stephen J. Murphy, III  
United States District Judge

Dated: May 26, 2010

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2010, by electronic and/or ordinary mail.

                                     s/Alissa Greer
                                     Case Manager